LANDRY, Judge.
Defendants-Appellants Frank L. Thornton and Government Employees Insurance Company (Movers) have moved to supplement the record in this matter by the inclusion therein of certain requested jury instructions and entreated jury interrogatories together with an allegedly filed, but misplaced, pre-trial order agreement. We grant the motion to supplement.
In essence Movers aver the requested jury instructions, jury interrogatories and pre-trial order agreement were all filed with the trial judge during the course of trial, but were inadvertently omitted from the record prepared by the trial court clerk for submission to this court on appeal.
*1136 Only one adverse party, namely, defendant-appellee Price A.K. (respondent) has appeared in response to Movers’ motion to supplement. Said Respondent in effect concedes the proposed supplemental materials and items were all probably entered of record during the course of the trial, and offered no opposition to their requested inclusion in the record on appeal, based on procedural grounds.
La.Code of Civ.Pro.Art. 2132 pertinently provides:
“Art. 2132. A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.”
We deem the absence of procedural objection to subject motion tantamount to a stipulation by the parties within the purview of Article 2132, above.
It appears the requested jury instructions in question, were not given by the trial court precisely as suggested, but were either denied or incorporated in the general instruction given by the trial court. For purposes of this motion, we assume Movers will argue on appeal that the trial court erred in failing to give the jury instructions exactly as requested and also erred in failing to require the jury to answer specifically each requested interrogatory.
Appearer’s concession that the omitted material was in fact introduced in evidence, is qualified only to the extent that Appearer does not hereby agree, suggest or infer, in any manner whatsoever, that the requested instructions should have been given or the requested jury interrogatories required specific answer. We are in total agreement with Appearer’s reservation and do not construe Appearer’s acquiescence in subject motion to constitute an admission of any position or result which may be urged by Movers predicated upon the ordered addenda.
It is ordered, adjudged and decreed that the record in this case be supplemented by inclusion therein of the requested material attached to Movers’ motion filed in this court on June 16, 1976.